IN THE UNITED STATES DISTRICT COURT
For the DISTRICT OF MINNESOTA

CIVIL ACTION NO.09 CV 1413 ADM/FLN

| | |
|---|---|
| 3M COMPANY, a Delaware corporation, ) | |
| ) | |
| Plaintiff, ) | **DEFENDANT'S MOTION AND** |
| ) | **MEMORANDUM TO JOIN** |
| v. ) | **ADDITIONAL PARTIES** |
| ) | |
| PRADEEP MOHAN | |
| Defendant | |

Pursuant to Rule 19 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Pradeep Mohan hereby moves the Court for an Order requiring the Plaintiff to join in this action Amazon Inc as Co-Defendant.

This motion is based on the memorandum below.

# MEMORANDUM

## I    INTRODUCTION AND SUMMARY

1. This case centers on the use of trademarks by the Defendant in the sale of stethoscopes in the internet market, including at Amazon.com. Amazon Inc is engaged in the promotion, sales, and distribution of merchandise on its web site Amazon.com. Amazon controls the content and the method that marketing media is presented to the user. The Defendant operates a store at Amazon.com. Amazon Inc is a partner in the sale and shares a percentage of the proceeds of each sale. Amazon Inc imposes restrictions and guidelines on

SCANNED
OCT 3 0 2009
U.S. DISTRICT COURT ST. PAUL

the use of intellectual property. Sales are made only to registered members and complex proprietary algorithms are used by Amazon Inc in promoting and listing items for sale.

2. The Defendant seeks to join Amazon Inc as a Co-Defendant. Such joinder is appropriate because the Plaintiff's claims against the Defendant and the Co-Defendant:

　　a) All arise out of the same series of occurrences and transactions – i.e., the use of Plaintiff's trademarks in sales of stethoscopes.

　　b) Require the adjudication of common questions of fact and law – i.e., whether Defendant's and Amazon Inc.'s conduct violates the Lanham Act.

3. Finally, because joinder of Amazon Inc. will not destroy the Court's jurisdiction over this matter, joinder is warranted under Rule 19(a) and in the interests of finality and judicial economy.

## II. FACTUAL BACKGROUND

### A. CLAIMS BASED ON THE USE OF TRADEMARKS ON INTERNET SITES.

4. Amazon.com, Inc. is a multinational electronic commerce company headquartered in Seattle, Washington and is America's largest online retailer. Part of its business is to partner with companies to jointly sell products on the Amazon.com web site. Amazon, typically, retains 15% of the proceeds of each sale in addition to some other fees. Amazon controls the content and format of each listing. The Defendant had very little control as to how the data was shown and to whom it was shown, Amazon's format does not allow for the use of special characters, such as the trademark symbol. Amazon has strict rules on the use of trademarks. Like most internet sites, such as Google.com, Amazon does allow the use of trademarks as keywords.

5. The use of trademarks is a hot controversial issue. The Defendant believes that selecting a keyword to trigger the display of an advertisement does not amount to trademark infringement, and that consumers benefit from seeing more relevant information. It is important not to allow the legitimate purpose of preventing certain trademark infringements to lead all trademark uses to be prohibited. The inclusion of the Co-Defendant would be vital to establishing these defensive claims.

## B. CLAIMS BASED ON COUNTERFEITING.

6. The Defendant had displayed pictures and literature regarding his product on the Amazon store. The images will be essential in establishing if there was an intentional or incidental counterfeiting of the Plaintiff's products. In addition, this data will be essential to establish if there could be any confusion in the mind of a potential buyer as to the origin of the goods. Hence the inclusion of the Co-Defendant would be vital in establishing the factual history and accuracy of these defensive claims.

## III. JOINDER UNDER RULE 19 IS APPROPRIATE IN THIS CASE

7. The Federal Rules of Civil Procedure expressly permit the joinder of defendants to a claim, where, as here, such joinder is made pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 applies here, because Defendant seeks compulsory joinder of Amazon Inc as a necessary and indispensable party.

8. Here, Defendant satisfies the standard of Rule 19, which permits joinder of parties: (a) when in the person's absence, the court cannot complete relief among existing parties and (b) the person has an interest in the subject of this case and the person's absence may impair or impede the person's ability to protect the interest.

### A THE RIGHTS TO RELIEF ASSERTED AGAINST THE DEFENDANT AND PROPOSED CO-DEFENDANT ARISE OUT OF THE SAME SERIES OF TRANSACTIONS OR OCCURRENCES.

9. The facts of this case justify joinder of the proposed Co-Defendant. Proposed Co-Defendant actively promoted the Defendant's products and shared in the proceeds of the sales. .If any unlawful profit was made then it was shared between the Defendant and the proposed Co-Defendant. Defendant and Co-Defendant were engaged in exactly the same conduct. Consequently, any wrongful conduct of the Defendant arises out of the same series of transactions or occurrences...

### B. THE PROPOSED JOINDER WILL PERMIT THE ADJUDICATION OFF NUMEROUS COMMON QUESTIONS OFF LAW AND FACT...

10. Virtually all questions of law and fact in this case will be common to claims against the Defendant and the proposed co-Defendant. The conduct of each allegedly violates the intellectual property rights of the Plaintiff, for example, the use of trademarked words on the Amazon.com website. Each of the claims and expected defenses will involve the application of the Lanham Act. The resolution of those defenses will require the Court to engage in common applications of fact and adjudications of law. Accordingly, the second prong of the permissive joinder analysis favors joinder of the proposed Co-Defendant.

11. The use of keyword in internet marketing is a controversial topic. Based on information and belief, no clear legal decisions have made in this area. Google.com does allow the use of trademarked keywords in the US and some other countries. The Advocate General of the European Court of Justice has said that "Google doesn't violate EU trademark law by allowing advertisers to choose protected words that trigger sponsored links for

4

Internet searches". It would serve the public interest if this issue could be argued and a decision reached. This case would be an excellent opportunity for this Court to resolve the controversies and legal issues regarding this hot topic which is not addressed by prior rulings. The technological and internet advances of the last few years demand that the legal system issue clear guidelines to allow parties, such as the Defendant and the proposed Co-Defendant to participate in a level paying field.

### C. JOINDER OFF THE PROPOSED CO-DEFENDANT WILL NOT DESTROY THE COURT'S JURISDICTION OVER THIS FEDERAL QUESTION CASE...

12. Because subject matter jurisdiction in this case is based on federal question, the proposed joinder will not divest the Court of jurisdiction over this matter. Indeed, if there is at least one federal question claim against any party, supplemental jurisdiction exists over all other properly joined claims and/or parties. See 28 U.S.C. § 1367(a).

### D JOINDER OFF THE PROPOSED CO-DEFENDANT WILL PROTECT INTERESTED PARTIES AND AVOID WASTE OF JUDICIAL RESOURCES

13. If the proposed Co-Defendant is not joined in this case the Defendant may have to start separate litigation to recover profits made by the Co-Defendant from sales of items which are the subject of this case. It would not be fair to allow the Co-Defendant to retain any profits that may be deemed unlawful. Since, the Co-Defendant charged a commission on the sales of these items; it is an agent and a partner of the Defendant in this transaction.

14. The federal courts have had many occasions to apply Rule 19 in requiring joinder and have stated that the purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources" Askew v. Sheriff for Cook City., 568 F.3d 632, 634 (7th Cir. 2009).

15. In the GTE Sylvania, Inc v. Consumer Prod. Safety Comm'n, 598 F.2d 790 (3rd Cir. 1979) case, the manufactures litigated in the federal court in Delaware, while the requesters started a separate action in the District of Columbia. The two courts reached inconsistent results, which had to be decided by the US Supreme Court. This shows the costs of failing to join all interested parties in one case.

15. The proposed Co-Defendant has a vital interest in this case. Disposing of this action in the absence of the Co-Defendant would impair and impeded it's ability to protect it's interests.

## IV CONCLUSION

WHEREFORE, for the reasons stated above, Defendant respectfully requests that the Court grant this motion and join Amazon Inc. as Co-Defendant to this case, and grant such other and further relief as the Court may find just and proper.

Respectfully submitted,
Dated October 28, 2009

/s/ Mohan

Pradeep Mohan
pro se
115 Chace Street
Santa Cruz, CA 95060
831-423-5668
pradeepmohan@gmail.com

I hereby certify that a copy of the foregoing was mailed to Allen Hinderaker, Merchant & Gould, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 , this 28th day of October 2009.

/s/ Mohan

Pradeep Mohan



