## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M COMPANY, a Delaware corporation, and 3M INNOVATIVE PROPERTIES COMPANY, a Delaware corporation, | ) ) ) ) ) | Court File No. 09-CV-01413-ADM-FLN |
| Plaintiffs, | ) ) | **AMENDED COMPLAINT** |
| v. | ) ) | (Jury Trial Demanded) |
| PRADEEP MOHAN | ) ) | |
| Defendant. | ) ) | |

Plaintiffs 3M Company and 3M Innovative Properties Company (collectively 3M), for their Complaint against Defendant Pradeep Mohan, an individual doing business as Kila Labs and as Lautenn Stethoscopes, state:

### THE PARTIES

1.     3M Company is a corporation in good standing organized under the laws of the State of Delaware, having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota.  3M Company designs, develops, manufactures, and sells a wide variety of products, including products in the medical field, in the United States and around the world.

2.     Plaintiff 3M Innovative Properties Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, Minnesota, 55133.

3.     Defendant Pradeep Mohan imports and sells stethoscopes, doing business as Kila Labs and Lautenn Stethoscopes.  His business address is 115 Chace Street, Santa Cruz, California 95060.

## THE NATURE OF THE ACTION

4.      This is an action for trademark infringement, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. 1051 *et seq*.; deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq*.; unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq*.; common law trademark infringement and unfair competition; and patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, *et seq*.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  It has subject matter jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332.  The parties are citizens of different states and the value of the interests 3M seeks to protect exceeds the sum of $75,000, exclusive of interests and costs.

5      The Court has personal jurisdiction over Defendant under Minn. Stat. § 543.19 because, on information and belief, Defendant has transacted business and caused injury in this Judicial District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1400(b).

## 3M COMPANY'S TRADEMARKS

7.      3M Company manufactures and sells stethoscopes that are recognized as being of the highest quality.

8.      Since at least as early as July 1942, 3M Company, or its predecessor-in-interest, has sold stethoscopes under the LITTMANN brand.  The LITTMANN brand is exceedingly strong, if not famous, being one of the best-known and most trusted brands in the medical field.

The United States Patent and Trademark Office issued Registration Nos. 751,809 and 2,683,822 for use of the LITTMANN mark on stethoscopes on June 25, 1963, and February 4, 2003, respectively.  Exs. A and B.  These registrations are incontestable.

9.      Since at least as early as June 1987, 3M Company has sold LITTMANN brand stethoscopes under the MASTER CARDIOLOGY mark.  The United States Patent and Trademark Office issued Registration No. 3,253,234 for use of the MASTER CARDIOLOGY mark on stethoscopes on June, 19, 2007. Ex. C.

10.     Since at least as early as March 1987, 3M Company has sold stethoscopes having



a chest piece with the following unique configuration mark:                    .  The United States Patent and Trademark Office issued Registration No. 2,486,748 for use of this configuration mark on stethoscopes on September 11, 2001.  Ex. D.  This registration is incontestable.

11.     Since at least as early as February 1988, 3M Company has sold stethoscopes



under the LITTMANN QUALITY Stylized L design mark,                    .  The United States Patent and Trademark Office issued Registration No. 2,681,330 for use of the LITTMANN QUALITY Stylized L design mark on stethoscopes on January 28, 2003. Ex. E.  This registration is incontestable.  In addition, the United States Patent and Trademark Office issued Registration



No. 1,568,178 for use of the Stylized L design mark                on stethoscopes on

November 28, 1989.  Ex. F.  This registration is also incontestable.

12.     Since at least as early as August 1997, 3M Company has sold LITTMANN brand

dual-head stethoscopes under the mark CARDIOLOGY III.    The United States Patent and

Trademark Office issued Registration No. 3,619,324 for use of the CARDIOLOGY III mark on

stethoscopes on May, 12, 2009.  Ex. G.

13.     Since at least as early as March 1969, 3M Company has also branded its

stethoscopes and sold them under the famous 3M trademark.  The United States Patent and

Trademark Office issued Registrations Nos. 2,097,658 and 2,097,659 for use of 3M on

stethoscopes on September 16, 1997. Exs. H and I.  These registrations are incontestable.  On

March, 18, 2008, the United States Patent and Trademark Office also issued Registration No.

3,398,329 for use of 3M on stethoscopes.  Ex. J.

14.     The 3M Company trademarks described in paragraphs 8-14 are hereafter

collectively referred to as the "3M Marks."

### 3M COMPANY'S BUSINESS

15.     3M Company has carefully nurtured the goodwill associated with the 3M Marks.

3M Company has invested significantly in promoting these trademarks and in assuring that the

trademarks are associated with the highest quality products available.  Through 3M Company's

extensive efforts, the 3M mark, the LITTMANN brand, the MASTER CARDIOLOGY mark, the

CARDIOLOGY III mark, the unique configuration mark, and the Stylized L design marks have

come to represent the best stethoscopes available.  The 3M Marks are among the best known in

the medical field and are extremely valuable.

16.      One of the components of a stethoscope is its diaphragm.  3M Company sells replacement diaphragms for its LITTMANN brand stethoscopes.  These diaphragms are distinctively branded with the LITTMANN QUALITY Stylized L design mark.

17.      3M Company also sells LITTMANN branded nametags that attach to the yoke of the stethoscope for use on LITTMANN brand stethoscopes.  These nametags are distinctively branded with the LITTMANN QUALITY Stylized L design mark.

18.      3M Company has used the 3M Marks in advertising, on the Internet, in print and other promotional materials and on packaging associated with 3M Company stethoscopes.  3M Company's extensive use and promotion of the 3M Marks has created highly distinctive trademarks that are widely recognized by the consuming public as identifying 3M Company as the source of the stethoscopes associated with the marks.  The 3M Marks are extremely valuable commercial assets because of the substantial goodwill associated with them.

## THE PATENT IN SUIT

19.      On September 12, 1995, the United States Patent Office duly and legally issued United States Patent No. 5,449,865 ("the '865 patent"), entitled EAR TIPS HAVING MOLDED-IN RECESSES FOR ATTACHMENT TO A STETHOSCOPE.

20.      3M Innovative Properties Company owns the '865 patent by assignment.  3M Company is the exclusive licensee of the '865 patent and has standing to bring an action for infringement of the '865 patent.  A true and correct copy of the '865 patent is attached as Exhibit Z to this Complaint and is incorporated by reference.

## UNLAWFUL CONDUCT BY DEFENDANT

21.      Defendant, doing business under various names including Kila Labs and Lautenn Stethoscopes, sells stethoscope over the Internet at his company website, kila.com, and at third-party websites, including at least Amazon.com, Cardioglobal.com, and eBay.com.

22.     Defendant uses the 3M Marks to attract purchasers and potential purchasers to these websites and to deceive and confuse these purchasers and potential purchasers into buying stethoscopes of Defendant mistakenly believing them to be stethoscopes of 3M Company or in some way sponsored, endorsed, or approved by, or affiliated or connected with, the 3M Company.

23.     Defendant's actions, which are designed to cause purchasers and potential purchases to be confused, mistaken, or deceived when purchasing Defendant's stethoscopes, include at least the following:

a.      Offering for sale and selling stethoscopes under the designation MASTER CARDIOLOGY,  and having a chest piece of identical (or virtually identical) shape and size to 3M Company's configuration mark for the chest piece of its genuine MASTER CARDIOLOGY stethoscopes;

b.      Offering for sale and selling dual-head stethoscopes under the designation CARDIOLOGY III;

c.      Offering for sale and selling stethoscopes on website pages that display the famous 3M mark and the LITTMANN mark, which is itself famous in the field of medical products, and promoting these stethoscopes for sale with a free genuine LITTMANN nametag;

d.      Offering for sale and selling genuine LITTMANN branded diaphragms and offering for sale and selling genuine LITTMANN branded nametags on website pages that promote and link to other websites selling stethoscopes of Defendant in such a way as to make Defendant's stethoscopes appear to be genuine LITTMANN stethoscopes; and

e.     Using a Stylized K within two concentric circles as a logo to evoke and mimic the Stylized L design marks of 3M Company.

24.     In response to 3M Company's demands that Defendant cease and desist his various actions of trademark infringement, counterfeiting, and unfair competition, demands that have largely been ignored, Defendant continued his willful infringement and unfair competition to purposely trade on the goodwill of 3M Company as described above and, undertook yet additional unlawful activities, including:

a.     Offering for sale and selling stethoscopes under designations that are confusingly similar to 3M Marks, including under the designations CARDIOLOGY 3, CARDIOLOGY 5, CARDIOLOGY 7, and CARDIO 7;

b.     Offering for sale and sells stethoscopes under the designation LAUTENN, which is confusingly similar to LITTMANN; and

c.     Offering for sale and selling stethoscopes bearing a Stylized LAUTENN EXCELLENCE L logo within two concentric circles to mimic the LITTMANN QUALITY Stylized L and Stylized L design marks.

25.     Examples of Defendant's infringing and unfair use of 3M Company's MASTER CARDIOLOGY mark include:

 MASTER CARDIOLOGY kila-9 Stethoscope + Littmann ID tag    US **$42.95**    -    4d 12h 36m
US $45.95    *Buy It Now*

 ORANGE Class9 MasterCardiology Stethoscope Littmann Tag    US **$20.00**    8    4d 17h 18m

Ex. K.

26.    Defendant's stethoscopes which are sold under the MASTER CARDIOLOGY designation have a chest piece, prominently displayed in Defendant's promotions, that is identical (or virtually identical) to 3M Company's configuration mark.

27.    Examples of Defendant's infringing and unfair use of 3M's CARDIOLOGY III mark used to promote Defendant's dual-head stethoscope include:

| Picture hide | Item Title | Price | Bids | Time Left ▲ |
|---|---|---|---|---|
| | CARDIOLOGY III kila Stethoscope + Littmann ID tag | US $37.95 | 1 | 1d 18h 28m |

Ex. K.  Product packaging that prominently displays the CARDIOLOGY III designation includes:



Ex. L.  Other examples of Defendant's infringing and unfair use of CARDIOLOGY III from Kila.com, Amazon.com, and Cardiological.com are attached as Exs. M, N, and O respectively.

28.     Examples of Defendant's infringing and unfair use of the famous LITTMANN brand to attract purchasers and potential purchasers to websites to buy Defendant's stethoscopes along with free genuine LITTMANN branded nametags include:



Exs. P and Q.  Other examples are attached as Exs. R and S.

29.     Examples of Defendant's infringing and unfair use of the famous 3M mark and the famous LITTMANN brand to attract purchasers and potential purchasers to websites to buy

Defendant's stethoscope in conjunction with the sale of genuine LITTMANN replacement diaphragms include Exhibit T, attached.

30.     Examples of Defendant's infringing and unfair use of the Stylized K within two concentric circles to mimic the Stylized L design marks of 3M Company include:



and



Exs. U and V.

31.     Examples of Defendant's infringing and unfair use of CARDIOLOGY-derived designations that are confusingly similar to 3M Company's MASTER CARDIOLOGY and CARDIOLOGY III marks include:



and



**The stethoscope is made by Kila**
**The Littmann id tag is being sold as a marketing promotion**

*NEW*

CARDIOLOGY 7 CLASS DUAL HEAD STETHOSCOPE

with FREE Littmann ID tag

The stethoscope is made by Kila Labs and the id tag by 3M™ Littmann®

We have re-engineered our Cardiology stethoscope with a unique swivel mechanism that almost eliminates any leakage of body sounds. High quality materials, and precise engineering make this model the best in the market.

This model has an Adult diaphragm and a smaller pediatric diaphragm.

and



Exs. W and X.

32.    Examples of Defendant's infringing and unfair use of the designation LAUTENN and the LAUTENN EXCELLENCE Stylized L logo to mimic the LITTMANN QUALITY Stylized L and Stylized L design marks include:



Ex. Y.

33.    There is no association or affiliation of any kind between 3M Company and Defendant, and Defendant's use of the 3M Marks is without 3M Company's permission or consent.

34.    3M Company is the prior user of all of the 3M Marks, each of which Defendant has knowingly chosen to infringe.

35.    Defendant continues to infringe the 3M Marks, despite 3M Company's demands to cease and desist, in willful disregard of the rights of 3M Company and the interests of the public.

36.    Defendant's unauthorized use of the 3M Marks and designations that are confusingly similar to the 3M Marks takes from 3M Company the ability to control the nature

and quality of products sold under the 3M Marks, and places the inestimable reputation and goodwill of 3M Company in the hands of Defendant, over whom 3M Company has no control.

37.     Defendant has directly infringed, induced infringement, and contributed to the infringement of the '865 patent through the use, sale, and offer for sale of ear tips having molded-in recesses.  Attached as Exhibit AA are photographs of at least some of Defendant's infringing products.

38.     3M has been damaged by Defendant's infringement of the '865 patent and will continue to be damaged in the future and suffer irreparable injury unless Defendant is enjoined from infringing, inducing the infringement, and contributing to the infringement of the '865 patent.

39.     Defendant regularly competes with 3M for customers and sales of stethoscopes and related products, including ear tips, and, on information and belief, has actual knowledge that 3M's ear tips are patented.

## FIRST CLAIM:  INFRINGEMENT OF REGISTERED TRADEMARKS UNDER THE LANHAM ACT

40.     Paragraphs 1 through 39 are incorporated by reference and made a part of this claim.

41.     Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of Defendant's products in that purchases and potential purchases are likely to believe that Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to 3M Company.

42.     Defendant's actions falsely indicate to purchasers and potential purchasers that Defendant's products originate with 3M Company, or are affiliated, connected or associated with

3M Company, or are sponsored, endorsed, or approved by 3M Company, or are in some manner related to 3M Company and its products.

43.     Defendant's actions include the use of spurious counterfeit marks to likely cause confusion, mistake, or deception as to the source of origin of Defendant's products and to falsely indicate to purchasers and potential purchasers that Defendant's products are products of 3M Company.

44.     As a direct result of Defendant's actions and the likely confusion, mistake or deception, 3M Company has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

45.     As a direct result of Defendant's actions and the likely confusion, mistake or deception, 3M Company has suffered those damages that will be proven at trial.

46.     The likely confusion, mistake, or deception caused by Defendant is in violation of 15 U.S.C. §1114.

47.     Pursuant to 15 U.S.C. §1117, 3M Company is entitled to recover the costs of this action.  The intentional nature of Defendant's wrongful acts renders this an "exceptional case," entitling 3M Company to an award of attorneys' fees under 15 U.S.C. §1117(a).

## SECOND CLAIM:  FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

48.     Paragraph 1 through 47 are incorporated by reference and made a part of this claim.

49.     Defendant's actions are likely to cause confusion, mistake, or deception as to the source of origin of Defendant's products in that purchasers and potential purchasers are likely to believe that Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to 3M Company.

50.     Defendant's actions falsely indicate to purchasers and potential purchasers that Defendant's products originate with 3M Company, or are affiliated, connected or associated with 3M Company, or are sponsored, endorsed, or approved by 3M Company, or are in some manner related to 3M Company and its products.

51.     As a direct result of Defendant's actions and the likely confusion, mistake or deception, 3M Company has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

52.     As a direct result of Defendant's actions and the likely confusion, mistake or deception, 3M Company has suffered those damages that will be proven at trial.

53.     The likely confusion, mistake, or deception caused by defendant is in violation of 15 U.S.C. §1125(a).

54.     Pursuant to 15 U.S.C. §1117, 3M Company is entitled to recover the costs of this action.  The intentional nature of Defendant's wrongful acts renders this an "exceptional case," entitling 3M Company to an award of attorneys' fees under 15 U.S.C. §1117(a).

## THIRD CLAIM:  DECEPTIVE TRADE PRACTICES

55.     Paragraph 1 through 54 are incorporated by reference and made a part of this claim.

56.     Defendant's actions are deceptive trade practices in violation of Minn. Stat. §325 D. 44, including Minn. Stat. §325 D. 44, subdivision (1) through (5).

57.     As a direct result of Defendant's actions, 3M Company has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

58.     As a direct result of Defendant's action, 3M Company has suffered those damages that will be proven at trial.

59.     Pursuant to Minn. Stat. §325 D.45, 3M Company is entitled to recover its costs and attorneys' fees.

## FOURTH CLAIM:  UNLAWFUL TRADE PRACTICES

60.     Paragraph 1 through 59 are incorporated by reference and made a part of this claim.

61.     Defendant's actions are unlawful trade practices in violation of Minn. Stat. §325D.09 et seq.

62.     As a direct result of Defendant's actions, 3M Company has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

63.     As a direct result of Defendant's action, 3M Company has suffered those damages that will be proven at trial.

64.     Pursuant to Minn. Stat. §325 D.15 and Minn. Stat. §8.31(3a), 3M company is entitled to recover its costs, disbursements, costs of investigation, and reasonable attorneys' fees.

## FIFTH CLAIM:  UNFAIR COMPETITION

65.     Paragraphs 1 through 64 are incorporated and made a part of this claim.

66.     Defendant's actions infringe on the rights of 3M Company and are unfair competition.

67.     As a direct result of Defendant's actions, 3M Company has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

68.     As a direct result of Defendant's action, 3M Company has suffered those damages that will be proven at trial.

## SIXTH CLAIM:  PATENT INFRINGEMENT

69.     Paragraphs 1 through 68 are incorporated and made a part of this claim.

70.     Defendant has directly infringed, induced infringement, and contributed to the infringement of the '865 patent through the use, sale, and offer for sale of ear tips having molded-in recesses.

71.     3M has been damaged by Defendant's infringement of the '865 patent and will continue to be damaged in the future and suffer irreparable injury unless Defendant is enjoined from infringing, inducing the infringement, and contributing to the infringement of the '865 patent.

72.     Defendant regularly competes with 3M for customers and sales of stethoscopes and related products, including ear tips, and, on information and belief, has actual knowledge that 3M's ear tips are patented.

## PRAYER FOR RELIEF

WHEREFORE, 3M requests judgment in its favor and against Pradeep Mohan as follows:

1.     That Pradeep Mohan, his agents, servants, employees, attorneys, representatives, related companies, any persons or entities affiliated with him, and all those in privity with or acting in concert with him, be preliminarily and permanently enjoined and restrained from directly or indirectly:

     a.     Using 3M or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

     b.     Using LITTMANN or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

     c.     Using MASTER CARDIOLOGY or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

d.      Using CARDIOLOGY III or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

e.      Using the LITTMANN QUALITY Stylized L design mark or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

f.      Using the Stylized L design mark or any other name or mark confusingly similar thereto on or in association with goods not originating from the 3M Company;

g.      Using a Stylized K within two concentric circles as a logo in connection with the sale of stethoscopes or diaphragms for stethoscopes;

h.      Using a Stylized L within two concentric circles as a logo in connection with the sale of stethoscopes or diaphragms for stethoscopes; and

i.      Using the name LAUTENN in connection with the sale of stethoscopes or diaphragms for stethoscopes.

j.      Performing any actions or using any words, names, styles, titles, logos, or marks which are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or the public into believing that Pradeep Mohan or his business is in some way connected, affiliated, or associated with 3M Company, or that Pradeep Mohan's products originate with 3M Company or are offered with the approval, consent, authorization, or under the supervision of 3M Company.

k.      Using any words, names, styles, titles, or marks which create a likelihood of injury to the business reputation of 3M Company or the goodwill associated therewith.

l.      Using any trade practice whatsoever, including those complained of herein, which tend to unfairly compete with or injure 3M Company's business or goodwill.

2.      For a judgment that Defendant has infringed, induced infringement, and contributed to the infringement of United States Patent No. 5,449,865.

3.      For a a preliminary and permanent injunction enjoining Defendant, its directors, officers, agents, servants, and employees, as well as any other persons in privity or active concert with any of the aforementioned people, from further infringing, inducing the infringement, or contributorily infringing United States Patent No. 5,449,865.

4.      The award to 3M of all damages, including lost profits, arising from Defendant's infringement of United States Patent No. 5,449,865, with interest and costs.

5.      The award to 3M of pre-judgment interest under 35 U.S.C. § 284 and the further award of post-judgment interest under 28 U.S.C. § 1961 at the maximum rates permitted by law.

6.      For an Order requiring Pradeep Mohan to submit a report in writing and under oath to the Court and 3M within thirty (30) days of the service on him of the injunctive order setting forth in detail the manner and form by which he has complied with the injunction.

7.      That Pradeep Mohan be required to deliver up for destruction all goods, components for goods, packaging, stationery, signage, advertisements, brochures, promotional materials, and all other materials of any kind bearing the 3M Marks or any simulation, reproduction, copy or colorable imitation of the 3M Marks or, bearing the designations CARDIOLOGY 3, CARDIOLOGY 5, CARDIOLOGY 7, CARDIO 7, LAUTENN or the following designations:

  

8.      Awarding 3M its monetary damages as proven at trial as well as the trebling of those damages.

9.      Awarding 3M statutory damages pursuant to 15 U.S.C. § 1117(c).

10.     That Pradeep Mohan be required to account for all profits derived from his infringing conduct and pay to 3M all of its litigation expenses, including costs of investigation, reasonable attorneys' fees and the costs of this action.

11.     Awarding 3M such further relief as this Court deems just and proper.

**MERCHANT & GOULD**

Dated: December 17, 2009                    By:  s/ Allen Hinderaker
                                                 Allen Hinderaker
Of counsel:                                      William Schultz
                                                 3200 IDS Center
Hildy Bowbeer                                    80 South Eighth Street
Assistant Chief Intellectual Property Counsel    Minneapolis, MN  55402-2215
3M Innovative Properties Company                 Telephone:  (612) 332-5300
3M Center, 220-9E-01                             Facsimile:  (612) 332-9081
St. Paul, MN  55144
Telephone: (651) 737-3194                   *Attorneys for Plaintiffs 3M Company and 3M*
                                            *Innovative Properties Company*