UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M Company,                                                Civil No. 09-1413
                              (ADM/FLN)

    Plaintiff,

    v.                                        **REPORT AND
                                                 RECOMMENDATION**

Pradeep Mohan,

    Defendant.

_____

Allen W. Hinderaker, Hildy Bowbeer, William D. Schultz for Plaintiff.
Pradeep Mohan, *pro se*, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 21, 2009 on Defendant's Motion to Change Venue [#2]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant's Motion to Change Venue [#2] be **DENIED**.

### I.   FINDINGS OF FACT

This lawsuit arises from a dispute between Plaintiff 3M Company and Defendant Pradeep Mohan involving Mohan's line of stethoscopes. Mohan sells his stethoscopes on various internet sites, including websites he developed (kila.com and kilalabs.com) and on national third-party sites like Amazon.com and ebay.com. 3M alleges that Mohan's stethoscopes intentionally infringe various 3M trademarks and patents 3M holds on its LITTMANN brand stethoscope. (Am. Compl. ¶¶ 4, 21-54, 69-72.) 3M also alleges deceptive and unlawful trade practices and unfair competition. *Id.* at ¶¶ 55-68. Mohan denies these allegations. (Def.'s Am. Response, Doc. No. 72.)

Mohan is a resident of Santa Cruz, California and his business is registered in California. (Def.'s Mem. Supp. at Facts, Doc. No. 53.) Mohan developed and owns the kila.com and kilalabs.com websites. *Id.* He operates an Internet business out of his home and performs all of his work in Santa Cruz, California. *Id.* Mohan represented at the hearing that approximately two percent of his web sales were to Minnesota residents, for a total of approximately $400. (Def.'s Motion to Change Venue at ¶5 (sales in Minnesota less than $1000).) Mohan's kila.com domain name and kilalabs.com domain name both point to the same website, which allows users to buy items online using a credit card. The payment section of the website includes a drop down menu of shipping locations by state that includes Minnesota. (Pl.'s Mem. Opp. at 5; Schultz Aff. Exs. 2-3.)

## II. LEGAL ANALYSIS

Although Mohan's motion is styled as a motion to change venue, his arguments speak to both venue and personal jurisdiction, and the Court will address both in turn.

### A. Personal Jurisdiction

To sufficiently allege personal jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecom.*, 89 F.3d 519, 522 (8th Cir. 1996). As Minnesota applies its long-arm statute to the fullest extent permissible under due process, the Court need only determine whether exercise of personal jurisdiction in this instance comports with federal due process. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992); Minn. Stat. §543.19. With respect to personal jurisdiction, due process requires minimal contacts with the forum state and a determination that maintenance of the suit does not offend notions of "fair play and substantial justice." *Bell Paper Box, Inc. v. Trans*

*Western Polymers, Inc.*, 53 F.3d 920, 921-22 (8th Cir. 1995); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In essence, the defendant's contacts with the forum state need only be such that the defendant should have reasonably anticipated being haled into court in the forum state. *Nippon Carbon Co.*, 528 F.3d at 1091 (citing *Burger King Co. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). The Eighth Circuit has adopted a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Id.*

As to the third factor, courts distinguish between general jurisdiction and specific jurisdiction.[1] Here, because the Plaintiff alleges specific jurisdiction over the Defendant, the Court will not consider the question of general jurisdiction. (Pl.'s Mem. Opp. at 11 n. 4.) Specific jurisdiction is established when the defendant purposefully directs its efforts toward residents of the forum state and the cause of action arises out of or relates to those contacts. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-820 (8th Cir.1994). Specific jurisdiction can arise from a single contact with the forum state. *Fulton v. Chicago, Rock Island & P.R. Co.*, 481 F.2d 326, 334-36 (8th Cir. 1973).

As to the first two factors, Mohan has admitted to Internet sales to Minnesota residents totaling approximately $400 (or two percent of his web sales.) The Eighth Circuit has adopted

---

[1] "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction ... refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994) (quoting *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir.1993)).

the *Zippo* test for personal jurisdiction based on Internet contacts. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 710-11 (8th Cir. 2003); *see also 3M Company v. Icuiti Corp.*, 2006 WL 1579816 at *2-3 (D. Minn. June 1, 2006) (Montgomery, J.).

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.
>
> *Id.*, quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124

(W.D. Pa. 1997).

In *3M Company v. Icuiti Corp.*, a case with facts very similar to the case at bar, the Court found personal jurisdiction based in part on sales through a website that included Minnesota as a potential shipping destination. 2006 WL 1579816 at *1-3; *see also Multi-Tech Sys. Inc. v. Vocal-Tec Commc'ns, Inc.,* 122 F. Supp. 2d 1046, 1051 (D. Minn. 2000) (Montgomery, J.)(applying *Zippo* test and finding that defendant "purposely availed itself for engagement in commercial activities with residents of Minnesota by including a state directory drop box listing Minnesota" on defendant's website.) Applying the *Zippo* test here, the contacts between Mohan and his Minnesota customers made over Mohan's websites fall closer to the interactive end of the spectrum than the passive end of the spectrum. Mohan clearly did business over the Internet when he created a website that allowed customers to 1) browse products online, 2) select items to purchase, 3) direct that the products be shipped to Minnesota by selecting Minnesota from a

4

drop-down menu listing U.S. states, and 4) pay for the products online via a credit card. (Schultz Aff. Exs. 2-3.)

Further supporting a finding of personal jurisdiction, Mohan also does significant business over the Internet via the commercial interactive website ebay.com (over 2,100 transactions) and the national website Amazon.com – both of which include Minnesota as a shipping destination for purchases. (Schultz Aff. Exs. 6-8; *see generally* Def.'s Mot. and Mem. to Add Additional Parties (Doc. No. 43); *see, e.g.*, *Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 822-23 (E.D. Mich 2006)(finding personal jurisdiction over defendant that regularly used ebay.com to sell products). Additionally, the causes of action here, trademark and patent infringement, directly relate to the contacts between Mohan and the forum state. Not only did Mohan sell allegedly infringing products to Minnesota residents via his interactive websites and national commercial Internet vendors, but he is also accused of infringing the rights of a forum resident. [2] Moreover, it is a given that, as the forum state, Minnesota has an interest in providing its residents with a convenient forum to adjudicate alleged injuries by out-of-state actors. *Burger King Co.*, 471 U.S. at 473. The final factor, the convenience of the parties, is a neutral factor, as discussed below. Therefore, taken together, the minimum contacts factors weigh in favor of establishing personal jurisdiction over Mohan.

---

[2] Although the Court expressly makes no ruling on the merits of this lawsuit, it observes that if 3M's intentional infringement allegations are found to be meritorious, the effects of Mohan's infringing activities would be felt in Minnesota because 3M is a Minnesota company. Plaintiffs must establish no more than a prima facie case for personal jurisdiction, and when a defendant directs intentional tortious actions at a forum resident, personal jurisdiction may be established. *Janel Russel Designs, Inc. v. Mendelson & Assocs., Inc*., 114 F. Supp.2d 856, 862 (D. Minn. 2000)("Plaintiff is a resident of the forum, and thus defendant could reasonably anticipate that the brunt of the injury would be felt here.").

**B. Venue Transfer to California**

Mohan argues for transfer of venue to the U.S. District Court for the Northern District of California, where he resides. However, when deciding motions to transfer venue, a plaintiff's choice of forum is given presumptive weight. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Motions to transfer should not be freely granted. *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982) (overruled on other grounds). Title 28 U.S.C. §1404 governs the ability of a federal district court to transfer a case to another district. The relevant provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Int'l, Inc.*, 119 F.3d at 691; *see also Icuiti*, 2006 WL 1579816 at *3-4.

*1. Convenience of the Parties and the Witnesses*

Mohan argues that he would be greatly inconvenienced by litigating the case in Minnesota for a number of reasons, including that he has sole custody of a 16-year-old son with asthma who cannot be left alone, and that it would be a financial hardship for him to travel to Minnesota for court appearances.[3] Mohan notes that 3M is a multi-billion dollar company with vast resources and offices in California. Nevertheless, Mohan must clear a high bar to

---

[3] The Court notes that on at least six occasions to date, the Court has granted Mohan's requests to appear by phone for required court appearances. *See generally*, Docket. Further, 3M represents in its memo that any deposition of Mohan would take place in California. (Pl.'s Mem. Opp at 20, Doc. No. 56.)

demonstrate inconvenience in the venue context. *Icuiti*, 2006 WL 1579816 at *3. Further, while Mohan alleges that he is unlikely to receive a fair trial in Minnesota because 3M has such a large influence on the state's economy, he provides no evidence to support this allegation. For its part, 3M contends that Minnesota is much more convenient than California for 3M, as 3M's headquarters, files, in-house counsel and lead counsel are all located in Minnesota. (Bowbeer Decl. ¶¶ 2-7.) With respect to witnesses, only six of the 16 witnesses disclosed by Mohan in his initial disclosures reside in California. (Schultz Aff. Ex. 14.) Of course, Mohan also resides in California, but merely shifting the inconvenience from one party to another is not a permissible justification for a change of venue. *Terra Int'l, Inc.*, 119 F.3d at 696-97. The majority of 3M's witnesses reside in Minnesota. (Bowbeer Decl. ¶¶ 6-7.)

Thus, although it is clear that Mohan faces some inconvenience in litigating this case in Minnesota (as would any individual facing suit in a foreign state), there is no showing of inconvenience, unfairness or unreasonableness that would rise to the level of a constitutional violation. *Trans Western Polymers*, 53 F.3d at 924.

*2. The Interests of Justice*

Mohan argues that the interests of justice favor transfer of the case to California. Five factors are to be considered, including: 1) judicial economy; 2) the plaintiff's choice of forum; 3) the comparative costs to the parties of litigating in each forum; 4) each party's ability to enforce a judgment; 5) obstacles to a fair trial; 6) conflict of law issues; and 7) the advantages of having a local court determine questions of local law. *Terra Int'l, Inc.*, 119 F.3d at 696.

Only the second and third weigh in favor of either party; the remaining factors are neutral. The second factor, the plaintiff's choice of forum, clearly favors 3M because minimum

7

contacts have already been established, as discussed above. The factor most strongly pressed by Mohan, however, is the third factor – the comparative costs to the parties of litigating in Minnesota versus California. Mohan will most likely incur increased costs as a result of defending a case in Minnesota rather than in California, but the main anticipated costs would likely stem from a potential jury trial. If the case goes to trial, Mohan would be required to travel to Minnesota and find lodging. Conversely, however, if the case were transferred to California 3M would incur additional costs in transporting counsel and witnesses to California and securing lodging. Mohan has also stated that he would suffer hardship as a result of having to leave his 16-year-old son at home unsupervised, but he has failed to persuasively show that he has thoroughly explored other options in this respect (*e.g.*, temporary supervision by relatives or friends). Thus, this factor does not strongly favor Mohan.

In sum, as none of the seven factors in the interests of justice analysis strongly favor Mohan, and because neither the convenience of the parties or the witnesses strongly favors Mohan, the Court finds transfer of venue to California to be inappropriate in this action.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Change Venue [#2] be **DENIED**.


DATED: February 18, 2010                          *s/ Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 4, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the

objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 4, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.