UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M COMPANY, a Delaware
corporation, and 3M INNOVATIVE
PROPERTIES COMPANY, a Delaware
corporation,

        Plaintiffs,

  v.

Pradeep Mohan,

        Defendant.

**AMENDED
MEMORANDUM OPINION
AND ORDER**
Civil No. 09-1413 ADM/FLN

_____

Allen W. Hinderaker, Esq., Merchant & Gould P.C., Minneapolis, MN and Hildy Bowbeer, Esq., 3M Innovative Properties Company, St. Paul, MN, on behalf of Plaintiffs.

Pradeep Mohan, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge on Defendant Pradeep Mohan's ("Defendant") Motion for New Trial [Docket No. 211] and Plaintiffs 3M Company ("3M Co.") and 3M Innovative Properties Company's ("3M IPC") (collectively, "3M") request for attorneys fees and costs [Docket No. 214]. For the reasons set forth below, Defendant's motion is denied, and 3M's Motion is granted in part and denied in part. The Court finds 3M's counsel is entitled to an award of $838,000 in attorneys fees.

## II. BACKGROUND

The factual and procedural background of this litigation is set forth in the Court's previous orders and will not be repeated here. See Findings of Fact, Conclusions of Law, and

Order for Judgment, November 24, 2010 [Docket No. 209], 3M Co. v. Mohan, No. 09-1413, 2010 WL 5095676, *1-33 (D. Minn. Nov. 24, 2010) ("Findings of Fact"); see Memorandum Opinion and Order, August 9, 2010 [Docket No. 151], 3M Co. v. Mohan, No. 09-1413, 2010 WL 3200052, *1-9 (D. Minn. Aug. 9 2010) ("SJ Order").  In summary, 3M sells stethoscopes under the LITTMANN brand.  3M obtained federal trademark registration for marks used and associated with the LITTMANN brand, including the word marks (1) MASTER CARDIOLOGY and (2) CARDIOLOGY III.  In addition, 3M owns U.S. Patent No. 5,449,865 ("the '865 patent") for a type of stethoscope ear tips.  Defendant sells stethoscopes over the internet on Amazon.com, and ebay.com, and his company websites, including www.kila.com.

On June 16, 2009, 3M filed this action asserting that Mohan's online sales and advertising activities constituted trademark and patent infringement.  Mohan counterclaimed for antitrust, unfair competition, tortious interference with a contractual relationship, and deceptive trade practices.  Ruling on 3M's partial motion for summary judgment [Docket No. 122], the Court determined that: 1) 3M IPC's '865 patent for ear tips was valid and infringed; 2) 3M's MASTER CARDIOLOGY and CARDIOLOGY III trademarks were valid, suggestive, and entitled to trademark protection; and 3) Defendant's counterclaims were dismissed.[1]  See SJ Order.  On November 24, 2010, after a four-day court trial, the Court ruled that the credible evidence adduced at trial proved Defendant infringed 3M's MASTER CARDIOLOGY and CARDIOLOGY III marks.  See Findings of Fact.  The Court further ruled that Defendant's infringement of the two marks at issue (as well as his conduct with respect to other LITTMANN-related marks) was purposeful, egregious, and aimed at appropriating the goodwill associated with the LITTMANN brand for Defendant's financial gain.  The credible evidence also proved that broad injunctive relief was warranted with respect to the MASTER CARDIOLOGY mark,

---

[1] Defendant previously stipulated to the withdrawal of his antitrust counterclaim [Docket No. 92].

the CARDIOLOGY III mark, and the '865 patent. Finally, the Court awarded 3M reasonable attorneys fees and denied 3M's claim for statutory damages as constitutionally barred. Id.

### III. DISCUSSION

**A. Defendant's Motion for a New Trial and to Amend the Judgment**

Defendant's motion requests a new trial or, alternatively, that the Court amend the judgment against him. The decision whether to grant a new trial under Federal Rule of Civil Procedure 59(a) is committed to the discretion of the district court. Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995). "A new trial is required only when necessary to avoid a miscarriage of justice." Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 219 (8th Cir. 1994) (citing McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1994)). "While the standard for granting a new trial is less than that for a judgment as a matter of law, a new trial shall be granted only to prevent injustice or when the verdict strongly conflicts with the great weight of evidence." Maxwell v. Baker, Inc., 160 F.R.D. 580, 581 (D. Minn. 1995). Similar to the standard for granting judgment as a matter of law, a district court reviewing a motion for a new trial is "not free to reweigh the evidence." Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972).

A motion to amend a judgment under Federal Rule of Civil Procedure 59(e) serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). A Rule 59(e) motion is not a vehicle to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised before the Court entered judgment. Id.

Defendant has submitted forty-five pages of briefing in support of his motion. He raises more than thirty issues, essentially attempting to re-litigate not only the four-day court trial, but also much of the parties' extensive pre-trial motion practice. The Court will briefly address Defendant's main contentions. However, because the evidence adduced at trial overwhelmingly supported the verdict, Defendant fails to establish that a miscarriage of justice occurred warranting a new trial. See Larson v. Farmers Co-op. Elevator of Buffalo Center, Iowa, 211 F.3d 1089, 1095 (8th Cir. 2000) (stating miscarriage of justice occurs only when there is insufficient evidence to support the verdict).

Defendant first contends that a new trial is required because he was denied a jury trial in violation of the Seventh Amendment. It is well settled that the Seventh Amendment guarantees a trial by jury only where a plaintiff seeks legal relief (as opposed to equitable relief). See, e.g., Klein v. Shell Oil Co., 386 F. 2d 659, 662-63 (8th Cir. 1967). The injunctive relief sought by 3M is a classic equitable remedy. Defendant's constitutional right to a trial by jury on 3M's claim for statutory damages, a legal claim "intermingled" with 3M's equitable claims, was properly and expressly protected. See id. at 663; Findings of Fact at 55-60. The Court denied 3M statutory damages, ruling that a jury determination is required on the amount of statutory damages under the Lanham Act.[2] See Bar-Meir v. N. Am. Die Casting Ass'n, 55 Fed. Appx. 389, 390-91 (8th Cir. 2003) (per curiam); Findings of Fact at 55-60. As Defendant had no right to trial by jury on any of the claims for which the Court granted relief, he was not prejudiced. Thus, the adjudication of 3M's claims by a court trial is not grounds for a new trial.

Defendant also makes a variety of arguments to the effect that the judgment was incorrect, shocking, and biased. He attacks the admissibility of certain evidence, the exclusion of

---

[2] Had Defendant proceeded to a jury trial, it is the Court's judgment that 3M would have been awarded substantial statutory damages. Id. at 60 n.8. Therefore, Defendant likely achieved significant benefit from 3M's decision to proceed with a court trial.

certain evidence, and the credibility of 3M's witnesses. Defendant also disagrees with many of the Court's central factual findings, arguing that his use of 3M's trademarks was "innocent" and that the Court improperly disregarded or devalued certain evidence, such as his ebay.com feedback ratings. These arguments are simply an attempt to re-litigate the case and persuade the Court to reweigh the evidence. The Court declines to do so, especially given the overwhelming and well-documented evidence of Defendant's purposeful and continuing infringement. Defendant's defense consisted largely of unsupported accusations, irrelevant argument, and statements and exhibits lacking any sort of foundation (credible or otherwise). His motion for a new trial is more of the same, and does not establish that any injustice occurred.

Additionally, Defendant urges that a new trial must be granted because the Court allegedly did not resolve many "issues of law." The issues before the court at trial were clearly identified as whether Defendant infringed the MASTER CARDIOLOGY and CARDIOLOGY III trademarks, whether and what type of injunctive relief was appropriate for Defendant's trademark and patent infringement, and whether attorneys fees and statutory damages should be awarded. These issues were fully resolved. The issues Defendant claims are unresolved, including whether other 3M marks were valid or infringed and whether 3M's cease-and-desist letters were unlawful, were not before the Court. Strangely, Defendant claims that the issue of whether his use of 3M's marks constituted "fair use" remains unresolved. The Court's unequivocal finding of purposeful and egregious infringement unmistakably negates any possibility that Defendant's use of 3M's marks constituted "fair use." Defendant's "unresolved issues" argument is not a basis for a new trial.

Defendant attempts to use minor procedural flaws (such as a same-day correction of an inaccurate trial notice) to argue that he was prejudiced by the court trial. In addition, Defendant

revisits much of the pre-trial motion practice, including issues of venue, diversity, alleged evidence tampering, and the summary judgment proceedings. None of these issues can properly form the basis for allowing a new trial or for establishing that the verdict was against the manifest weight of the evidence.

Defendant is grasping at straws in an attempt to circumvent the consequences that have befallen him as a result of his unethical business practices. To this end, he contends that the injunctive relief granted to 3M was "grossly excessive." The Court disagrees, as Defendant's infringement was not only deliberate and continuous, but actually intensified after he was notified of 3M's trademark rights. As a trademark infringer, Defendant may be required to keep a safe distance from 3M's marks. See Taubman Co. v. Webfeats, 319 F. 3d 770, 779 (6th Cir. 2003). The scope of the permanent injunction granted 3M is broad enough to ensure Defendant keeps a safe distance from 3M's marks and patent rights, while allowing sufficient room for Defendant to maintain a stethoscope business that does not trade on the goodwill earned by 3M's LITTMANN brand. [3]

In sum, Defendant fails to show that a new trial is required to avoid a miscarriage of justice. To the contrary, the verdict is supported by substantial evidence, and Defendant's motion must be denied.

Defendant also seeks an amended judgment. In direct contravention of Rule 59, Defendant attempts to use his motion as a vehicle to introduce new evidence, tender new legal theories, and raise arguments that could have been offered or raised at trial. Thus, to the extent Defendant's motion requests the Court amend the judgment, the request is denied.

---

[3] In fact, it appears that Defendant has indeed altered his business terminology and continues to sell stethoscopes online. See, e.g., "Kila scopes: World's Finest Stethoscopes," (last visited January 18, 2011), www.kila.com; see, eBay, www.ebay.com, (search terms "kila" and "stethoscope") (last visited January 18, 2011), http://shop.ebay.com/?_from=R40&_trksid=p5197.m570.l1313&_nkw=kila+stethoscope&_sacat=See-All-Categories.

**B. 3M's Request for Attorney Fees[4]**

The Lanham Act authorizes "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a). "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." See Doctor's Assoc. v. Subway.SY LLC, No. 09-3148, 2010 WL 3187899, *4 (D. Minn. July 30, 2010) (quoting Aromatique, Inc. v. Gold Seal, 28 F.3d 863, 877 (8th Cir. 1994); Champagne Louis Roederer v. J. Garcia Carrion, et al., No. 06-213, 2010 WL 3200034, *37 (D. Minn. Aug. 10, 2010) ("A case is exceptional if the infringer's actions were malicious, fraudulent, deliberate, or willful.") (citing Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 64 (1st Cir. 2008)); see also Porous Media Corp. v. Pall Corp., 110 F.3d 1329, 1341 (8th Cir. 1997) (upholding attorney fee award where defendant's conduct was "deliberate and willful"). The Defendant's intentional, deliberate and willful infringement of Plaintiffs' trademark rights led to the ruling that the instant matter is an "exceptional case" under the Lanham Act. Findings of Fact at 53-55. As set forth in the Court's 64-page Findings of Fact, Defendant: 1) purposefully used 3M's marks to cause consumers to believe Defendant's stethoscopes were LITTMANN stethoscopes or were associated with LITTMANN; 2) deliberately sold counterfeit MASTER CARDIOLOGY and CARDIOLOGY III stethoscopes and knowingly counterfeited the MASTER CARDIOLOGY configuration mark; 3) intentionally packaged Defendant's inferior-quality stethoscopes with genuine LITTMANN accessories to create the false impression his stethoscopes were associated with LITTMANN; 4) intensified infringement after receiving cease-and-desist letters by creating the Lautenn brand and associated logos; 5) developed new stethoscope designations purposefully designed to mimic Plaintiffs' existing designations and cause consumer confusion; and 6)

---

[4] Pursuant to 28 U.S.C. § 1920 and Local Rule 54.3, 3M's Bill of Costs [Docket No. 213] and the associated objections and amendments [Docket Nos. 219, 222] shall be handled by the Clerk of Court.

leveraged Plaintiffs' trademarks to gain rank in online search engine results and increase sales. Id. at 53-54. Consequently, the Court determined this to be an exceptional case under § 1117(a) and awarded Plaintiffs reasonable attorneys fees. In compliance with the Court's order [Docket No. 209 at 63], 3M has provided detailed support for its request for attorneys fees [Docket Nos. 214-17].

### 1. Calculating Reasonable Attorneys Fees

The amount of reasonable attorneys fees must be determined on the facts of each case. Hensley v. Eckert, 461 U.S. 424, 429 (1983); Milner v. Farmer Ins. Exch., 748 N.W.2d 608, 620-21 (Minn. 2008) (noting that Minnesota follows the procedure set forth in Hensley when determining reasonable attorneys fees). A district court has wide discretion in determining the amount of the attorneys fees award. See Hensley, 461 U.S. at 437; Jarrett v. ERC Props, Inc., 211 F.3d 1078, 1084-85 (8th Cir. 2000); Kelsar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The starting point for determining the amount of a reasonable fee is to determine the "lodestar," the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; Fair Isaac Corp. v. Experian Info. Solutions, Inc., 711 F. Supp. 2d 991, 1008 (D. Minn. 2010). The reasonableness of a fee depends upon a number of factors, including "the [party's] overall success; the necessity and usefulness of the [party's] activity in the particular matter for which fees are requested; and the efficiency with which the [party's] attorneys conducted that activity." Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997).

The lodestar amount for the legal services of Merchant & Gould, Faegre & Benson, and 3M's in-house legal staff is $942,063.78. Hinderaker Decl. [Docket No. 215] at ¶ 13; Bowbeer Decl. [Docket No. 216] at ¶¶ 6, 10, 16. Merchant & Gould presents evidence of approximately 2,079.7 hours spent prosecuting 3M's claims and defending against Defendant's

8

counterclaims. Several different lawyers over seventeen months did extensive legal work beginning with the filing of the Complaint and ending with post-trial proceedings. Hinderaker Decl. at ¶ 9. The total fee incurred by 3M for Merchant & Gould services is $726,130.25. Hinderaker Decl. at ¶ 13.

The lodestar amount also includes a fee of $18,999.96 from the law firm of Faegre & Benson for handling Defendant's antitrust counterclaims. Hinderaker Decl. at ¶ 15. Finally, the lodestar amount includes $196,933.57 reflecting the time spent by 3M's in-house lawyers, staff, and contract attorneys. Id.

The Court must determine whether the lodestar amount is reasonable. Factors to consider include that the attorneys and legal staff of Merchant & Gould, Faegre & Benson, and 3M are experienced attorneys, and that the lead paralegals and other staff are experienced and competent. Hinderaker Decl. at ¶¶ 4-8, Exs. 1-3; Bowbeer Decl. at ¶¶ 2-4, 11-12. Further, the hourly rates charged by outside, contract, and in-house counsel and paralegals appear to appropriately reflect varying levels of experience and are not unreasonable for the Twin Cities market.

3M urges that Defendant's pro se status added to the complexity of the case, increasing the amount of fees incurred to prosecute 3M's claims and defend against his counterclaims. Although the Defendant is not an attorney and was unrepresented, he is a learned individual with demonstrated access to legal research. Accordingly, he raised serious legal arguments throughout the course of litigation that 3M was obligated to rebut. Defendant filed many motions, memoranda, exhibits, and requests as would an attorney, meaning 3M needed to counter Defendant's legal theories (even if substantially incorrect or unsupported) with thoughtful, nuanced responses. 3M contends that at times Defendant's pro se status enhanced

the difficulty of handling this matter beyond that inherent in working with opposing counsel handling a matter for a client at arms-length. Hinderaker Decl. at ¶¶ 18-20. The Court agrees.

Furthermore, this was a complex litigation that required the completion of numerous tasks necessary to the successful litigation of the trademark, patent, and remedies claims, as well as the defense of Defendant's counterclaims. The litigation involved significant non-dispositive pre-trial motion practice, lengthy settlement discussions, depositions, dispositive motion practice, and a four-day trial necessitating motions in limine, hundreds of exhibits, numerous witnesses, expert testimony, and lengthy pre- and post-trial briefing. 3M largely prevailed in the outcome. The Court found Defendant infringed 3M's marks, that the infringing conduct constituted an exceptional case under the Lanham Act, that Defendant's trademark and patent infringement required a broad permanent injunction, and that reasonable attorneys fees were justified.

However, having reviewed the records submitted in support of 3M's fee request, the Court finds that the lodestar amount of $942,063.78 is not entirely reasonable. First, some hours claimed by both Merchant & Gould and 3M in house counsel are not fully documented. For example, over 150 Merchant & Gould hours are broadly listed as "trial preparation," and in-house counsel's hours are largely estimated. Hinderaker Decl. Exs. 18-25; Bowbeer Decl. at ¶¶ 9-17. In addition, as 3M opted for a court trial, 3M did not succeed on its claims for statutory damages. Although clear Eighth Circuit precedent exists holding that defendants who do not waive their jury rights have a right to a jury determination on the amount of statutory damages under the Lanham Act, counsel for 3M nevertheless spent numerous pages of briefing and hours of time attempting to distinguish this precedent. See Bar-Meir, 55 Fed. Appx. at 390-91. Therefore, the usefulness of 3M's activity on this particular claim was minimal.

For these reasons, the fees requested by 3M will be reduced by $104,063.78. 3M is awarded $838,000 as reasonable attorneys fees for this complex matter.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for New Trial [Docket No. 211] is **DENIED**; and

2. 3M's Request for Attorneys Fees and Costs [Docket No. 214] is **GRANTED** in part and **DENIED** in part; 3M is awarded $838,000 in attorneys fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: January 19, 2011.