UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M COMPANY, a Delaware
corporation, and 3M INNOVATIVE
PROPERTIES COMPANY, a Delaware
corporation,

          Plaintiffs,

    v.

Pradeep Mohan,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-1413 ADM/FLN

_____

Allen W. Hinderaker, Esq., and William Schultz, Esq., Merchant & Gould P.C., Minneapolis, MN; Hildy Bowbeer, Esq., 3M Innovative Properties Company, St. Paul, MN, on behalf of Plaintiffs.

Pradeep Mohan, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs 3M Company and 3M Innovative Properties Company's (collectively "3M") Motion to Certify Judgments [Docket No. 244].  For the reasons stated below, 3M's motion is granted.

## II.  BACKGROUND

3M moves for an order pursuant to 28 U.S.C. § 1963 permitting it to register this Court's Judgments dated January 20, 2011 and March 18, 2011 [Docket Nos. 229 and 239] in California where Defendant Pradeep Mohan ("Mohan") has property.

Federal Rule of Civil Procedure 62(a) provides that a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered.  Fed. R. Civ. P. 62(a).

At that time, a prevailing party can execute upon the judgment.[1]  Pending appeal, however, the judgment is only enforceable in the district in which it was entered, unless the judgment is "registered" in another district by court order.  28 U.S.C. § 1963.   That statute provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Because an appeal is pending in this case, § 1963 provides that the Court may only grant 3M's motion "for good cause shown."  3M argues that good cause exists to register the judgment in California because all of Mohan's assets are in California whereas he has no assets in the judgment district, and because he did not post a supersedeas bond.  Mohan concedes that he has no assets in the judgment district but responds that the statute and the case law require him to have *substantial* assets in the registration forum, and that because his income has been "negligible," good cause does not exist to register the judgment.  Mohan further argues that permitting registration of the judgment unfairly assumes he will not be successful on appeal and will be difficult to undo should this Court's judgment be reversed.

Mohan is correct that some courts have permitted registration in a foreign district upon a showing of substantial assets in that district.  See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197-98 (9th Cir. 2001); Chicago Downs Ass'n,

---

[1] Federal Rule of Civil Procedure 62(d) provides that if an appeal is taken, the appellant may obtain a stay of the judgment by posting a supersedeas bond.  Mohan did not post a supersedeas bond following entry of the judgments in this case.

Inc. v. Chase, 944 F.2d 366, 372 (7th Cir. 1991).  However, such a showing is not required.  The Commentary to the 1988 Amendment to § 1963 cites with approval the holding of the court in Associated Business Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63 (D. N.J. 1989), and states "the presence of assets in some other district is indeed 'good cause' for permitting registration."  Thus, the mere existence of assets in the foreign district is relevant to finding good cause for permitting registration of the judgments.

Mohan contends that permitting the judgment to be registered is premature pending the resolution of his appeal.  Without commenting on the merits of Mohan's appeal, this argument is rejected.  Registration of the judgment has no bearing on the outcome of the appeal.  Moreover, if Mohan's appeal is successful, the court may, on motion and just terms, relieve him of the judgments previously entered.  See Fed. R. Civ. P. 60(b)(5).

### III.  CONCLUSION

Mohan has not posted a supersedeas bond in order to effect a stay of execution on the judgments.  He has no assets in the rendering district to satisfy the judgment but he does have assets in California to satisfy the judgments.  Based upon the foregoing, and all the files, records, and proceedings herein, good cause exists to allow 3M to register the judgments in California and **IT IS HEREBY ORDERED** that 3M's motion to certify judgments is **GRANTED.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 17, 2011.